UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAWIT GEBREZIABHER,

    Plaintiff,

v.

CITY OF SEATTLE, a municipal corporation, and B.T. ROBERT MAHONEY, in his official and individual capacities,

    Defendants.

Case No. C19-1141-RSM

ORDER DENYING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

This matter comes before the Court on Plaintiff's Counsel's Motion to Withdraw. Dkt. #14. Plaintiff's counsel cites as the basis of their motion, "[C]ommunications have broken down between attorneys and their client such that attorneys can no longer effectively litigate on behalf of the client." *Id.* at 1. Defendants do not oppose withdrawal but request that Plaintiff's counsel be required to provide complete contact information for (1) Plaintiff and (2) Plaintiff's fact witnesses. Dkt. #15 at 1.

Under this District's local rules, courts ordinarily permit an attorney to withdraw until sixty days before the discovery cut-off in a civil case. Local Rules W.D. Wash. LCR 83.2(b). LCR 83.2(b) also provides that if a withdrawal will leave the party unrepresented, the motion to withdraw "must include the party's address *and* telephone number." *Id.* (emphasis added). Here,

ORDER DENYING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW - 1

both counsel of record for Plaintiff moved to withdraw more than sixty days before the discovery deadline. *See* Dkt. #12. However, it appears that they have provided Plaintiff's mailing address but not his telephone number. *See* Dkt. #14 at 2. Pursuant to LCR 83.2(b), withdrawal of Plaintiff's counsel is contingent on counsel providing Mr. Gebreziabher's full contact information. For that reason, the Court cannot grant Plaintiff's counsel's motion until such information is provided.

Regarding contact information for Plaintiff's fact witnesses, Defendants are correct that the discovery rules require Plaintiff to disclose the names and, if known, the addresses and telephone numbers for all individuals the party may use to support his claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff was required to provide this information without awaiting a discovery request from Defendants. *See id.* While Defendant's request is properly brought as a discovery motion, Plaintiff's counsel has not filed a reply to explain why such a request is unreasonable or impractical prior to withdrawal. The unique circumstances of this case—specifically, counsel's request to withdraw because of communication issues with their client—favor resolving this issue prior to withdrawal to avoid further delay. Accordingly, the Court will also require Plaintiff's counsel to provide the contact information of Plaintiff's fact witnesses to the extent such information is known to them.

IT IS HEREBY ORDERED that Plaintiff's Counsel's Motion to Withdraw, Dkt. #14, is DENIED. Counsel shall provide complete contact information, including address and telephone number, for Plaintiff and, to the extent known to them, for Plaintiff's percipient fact witnesses, before withdrawing from this matter. Upon Defendants' receipt of this information, parties shall file a joint stipulated motion for withdrawal of Plaintiff's counsel for immediate entry by the Court that includes Mr. Gebreziabher's complete and current contact information.

DATED this 24 day of February, 2020.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　RICARDO S. MARTINEZ
　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE